**STATE of Missouri, Respondent,**

v.

**Clarence MARTIN, Appellant.**

**No. 44429.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 12, 1982.

Motion for Rehearing and/or Transfer
Denied Nov. 19, 1982.

Application to Transfer Denied
Jan. 17, 1983.

Joseph W. Downey, Leslie D. Edwards, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Peach, St. Louis, for respondent.

CRIST, Judge.

Defendant appeals jury conviction of first degree burglary, § 569.160, RSMo. 1978, attempted rape, § 564.011, RSMo. 1978, and sodomy, § 566.060, RSMo. 1978. The trial court sentenced defendant as a persistent offender to consecutive prison terms of fifteen, fifteen and twenty-five years, respectively. We affirm.

Shortly after 4:00 a.m. on June 2, 1980, defendant appeared at victim's kitchen door as she sat at the table preparing for work. Wearing "denim-like" pants, T-shirt, dark blue ski mask, and gloves, defendant told victim four times, "[i]f you listen to me, I

won't hurt you." Holding what appeared to be a piece of pipe in one hand and what might have been a revolver in the other, defendant then told victim, "[i]f you don't listen to me, I'll kill you."

Defendant ordered victim to her bedroom, forcing her to lie face down on a pillow as he went from room to room in her apartment. Defendant next forced victim to her living room, lit with two ten-watt lights, and made her undress. Defendant removed his clothes, including his mask, and attempted intercourse with the victim. Unsuccessful, he forced the victim to perform oral sodomy.

After defendant left, victim awoke her upstairs neighbor and called police. The victim described her attacker as being between 5′ 7″ and 6′ in height, weighing 160 to 175 pounds, with light hair, a mustache, and "frightening" eyes that appeared as though he was on drugs. Police arrested defendant in a park approximately twelve blocks away shortly after his description was broadcast over police radio.

Police took defendant back to victim's apartment after the arrest. She identified him from her door as he stood on the sidewalk. Forty-five minutes later, victim identified defendant from a line-up conducted at the police station.

Prior to defendant's first trial, a hearing was held on his motion to suppress identification testimony. The motion was denied. Defendant was found guilty on all three counts, but a new trial was granted on the basis of newly discovered evidence. The new evidence, presented at defendant's second trial, consisted of alibi testimony from a Ralph Voeglin. He claimed to have seen defendant sitting in the park where he was arrested at the approximate time police would have received victim's call. Voeglin claimed to have seen defendant while being transported to the Third District police station on a drug possession charge. The state's evidence indicated Voeglin passed the park just prior to defendant's arrest, approximately one-half hour after the victim reported the incident.

Prior to defendant's second trial, he again moved to suppress identification testimony. The trial court denied a hearing on "another Motion dealing with the same subject matter when it's already been ruled upon by another Circuit Judge previously." The motion was denied. Defendant complains.

There is no per se constitutional rule that directs a separate judicial determination outside the presence of the jury whenever a defendant contends that a witness' identification of him was arrived at improperly. *Watkins v. Sowders,* 449 U.S. 341, 101 S.Ct. 654, 66 L.Ed.2d 549 (1981). A hearing is not required when cross-examination is available to test the reliability of the identification evidence. *State v. Davis,* 627 S.W.2d 308, 311 (Mo.App.1981).

Appellant argues cross-examination was inadequate in his case. However, the record shows that defense counsel cross-examined the witness extensively on her out-of-court identification of the defendant. The record reveals no impermissible suggestiveness in either the show-up or the line-up. Further, the victim possessed an adequate independent basis for her in-court identification. *See, State v. Montgomery,* 596 S.W.2d 735, 737–38 (Mo.App.1980). No error occurred.

Defendant also complains the trial court erred in overruling his challenges for cause to a venireman. The trial court has broad discretion in ruling on such challenges. *State v. Lovell,* 506 S.W.2d 441, 444 (Mo.banc 1974).

The venireman acknowledged friendship with three police officers and acquaintanceship with "many." He was on friendly terms with two police officers endorsed by the State as witnesses. Nevertheless, "friendship or relationship with a police officer alone is not sufficient to disqualify a venireman." *State v. Dodson,* 551 S.W.2d 932, 934 (Mo.App.1977), *cert. den.* 434 U.S. 1071, 98 S.Ct. 1255, 55 L.Ed.2d 774.

Following the examination on voir dire, the trial court concluded the venireman "was very sure and very clear in his answers, it would not affect him in any way,

and he wouldn't automatically believe what they said." The trial court watched the venireman closely and found no equivocation in his answers. Defendant's attorney, in moving to strike the venireman, admitted the venireman had not equivocated in his responses. Defense counsel's objection was based on her feeling that in spite of his answers, the venireman just could not be fair. Our review of the voir dire examination fails to reveal a clearly expressed doubt by the venireman that he could accord defendant a fair and impartial trial. The court did not abuse its discretion in refusing to strike the venireman for cause. *State v. Murphy,* 610 S.W.2d 382, 389 (Mo.App.1980).

Finally, appellant complains of the grand jury selection process in the City of St. Louis. Although the defendant's new trial was based on an information in lieu of an indictment, he challenges the validity of the indictment of the first trial, because, he argues, it supplied the underlying probable cause for the substituted information. Appellant asks that we take judicial notice of *State v. Lawrence Payne,* 639 S.W.2d 597 (Mo. pending) and concedes the decision in that case, when handed down, should govern disposition of this issue. The issue in Payne, relevant to this case, was consolidated with *State v. Baker,* 636 S.W.2d 902 (Mo.banc, 1982). The court in *Baker* upheld the grand jury and grand jury foreman selection process contested here and in *Payne.*

Judgment affirmed.

REINHARD, P.J., and SNYDER, J., concur.