**STATE of Missouri, Respondent,**

v.

**Henry L. WILLIAMS, Appellant.**

No. 45414.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 17, 1983.

Motion for Rehearing and/or Transfer
Denied July 6, 1983.

William Shaw, Public Defender, Clayton, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Westfall, Pros. Atty., Clayton, for respondent.

REINHARD, Judge.

Defendant was convicted by a jury of the offense of rape, a violation of § 566.030.3 and sodomy, a violation of § 566.060.3, RSMo.Supp.1981. He was found to be a persistent offender and was sentenced to two concurrent 15 year terms of imprisonment. We affirm.

The victim was the 13 year old niece of the defendant. She testified that on the evening of December 23, 1980, at the home of her grandmother, (defendant's mother) defendant had intercourse with her and committed an act of sodomy. She stated she told her grandmother and aunt of this incident. She testified that this was not the first time he had done this. It had happened before both in Missouri and in New York. The state produced witnesses who the victim had told of the prior assaults and of the incident for which defendant was on trial. The state also produced evidence of a medical examination which revealed the victim had a broken hymen.

Lewis Dorough, a police officer, interviewed defendant at the time of his arrest. He testified that after he informed defendant of his constitutional rights, defendant made an oral statement which was reduced to writing. The written statement was admitted into evidence. It stated, "I, understanding the charges which are being pressed against me, all charges are untrue. I have never had sex with Gloria. I did have sexual relationships with her in New York."

Defendant's major complaint on appeal concerns the admission of the oral and written statement made by the defendant into evidence. Defendant alleges that the admission of this statement into evidence was error for two reasons. First, because defendant was denied a separate hearing on a motion to suppress this statement outside the presence of the jury; and second, because that part of the statement that re-

ferred to a sexual relationship in New York constituted evidence of other crimes. We find no merit to either contention.

■ As to the first point, defendant contends that when the voluntary character of a confession or statement is challenged, it is the duty of the trial court to conduct a preliminary examination outside the presence of the jury to determine whether the statement is admissible.

Defendant did not file a pre-trial motion to suppress his statement because it was involuntary, though he did file several other pre-trial motions. Supreme Court Rule 24.-05 expressly provides that motions for the suppression of evidence shall be filed before trial but that "the court may in its discretion entertain a motion to suppress evidence at any time during trial."

In chambers, prior to the recall to the stand of Officer Dorough, the state's last witness, defense counsel made an oral motion to suppress defendant's statement because it was involuntary. At that time, the trial judge noted the motion was untimely but stated that he would consider it and defense counsel could file a written motion at that time or later. The record establishes, though, that defense counsel never filed a written motion. Court reconvened and the officer testified. Defense counsel made only a general objection to his testimony. On appeal, defendant does not contend that defendant's statement was involuntary, only that he was entitled to a hearing on the motion outside the presence of the jury.

It is evident from the discussion in chambers that the trial court's decision not to hold a hearing outside the presence of the jury was to accommodate defendant so as not to delay the trial. Defense counsel stated to the court:

> [M]y witnesses—this is the third time they have been here. The State agreed Wednesday my case would start about one.... My witnesses don't have much money. They had to borrow money to get out here. If I have to put them on again tomorrow, I don't know even how many of them can afford to come out.

Only after these remarks by defense counsel, did the trial court indicate it would exercise its discretion, allow the motion to suppress to be filed and take it with the case. Defendant cannot be heard to complain that this was error. Under these circumstances, we cannot find any trial court error in failing to hold a hearing on defendant's untimely motion outside the presence of the jury.

■ Nor do we find merit to defendant's contention that defendant's statement constituted improper evidence of other crimes. The victim had previously testified, without objection, that she and defendant had sexual relations in New York. Defendant's statement was merely cumulative and therefore harmless. Moreover, even had defendant objected to the victim's testimony, it would not have been error to admit this evidence.

■ It is well settled that in a prosecution for these offenses, evidence of prior sexual acts between the victim and the defendant are admissible even though they constitute proof of the commission of separate crimes. *State v. Garner,* 481 S.W.2d 239, 241 (Mo.1972); *State v. Tyler,* 306 S.W.2d 452, 457 (Mo.1957); *State v. Burkhart,* 242 S.W.2d 12, 14 (Mo.1951); *State v. Richardson,* 349 Mo. 1103, 163 S.W.2d 956, 960 (Mo.1942); *State v. King,* 342 Mo. 975, 119 S.W.2d 277, 283 (Mo.1938); *State v. Cason,* 252 S.W. 688, 689 (Mo.1923); *State v. Sechrist,* 226 Mo. 574, 126 S.W. 400, 402 (Mo.1910); *State v. Palmberg,* 199 Mo. 233, 97 S.W. 566, 568 (Mo.1906); *State v. Worthington,* 582 S.W.2d 286, 291 (Mo.App.1979); *State v. Cole,* 581 S.W.2d 875, 877 (Mo.App. 1979). As the court in *Worthington* stated, at 291:

> [T]he evidence of prior sexual incidents was admissible (even though they could be said to constitute prior crimes) as proper evidence to show the probability that the specific acts charged had been committed and to show the relationship of the parties involved. "They constitute the foundation of antecedent probability or of a corroboration."

■ Finally, defendant alleges error in regard to a reference made by Officer Dorough to a polygraph examination. This reference, though, came out on cross-examination by defendant's attorney. Moreover, it was not prejudicial to defendant. There was no reference to polygraph results and no inferences could be drawn as to whether defendant took a polygraph examination or refused to take one. Consequently, *State v. Biddle,* 599 S.W.2d 182 (Mo. banc 1980) cited by defendant, holding the results of a polygraph examination are inadmissible, is not relevant. This point is ruled against defendant.

Affirmed.

CRANDALL, P.J., and CRIST, J., concur.