STATE of Missouri, Respondent,

v.

Philip Todd TAYLOR, Appellant,
Appellant.

No. WD 55720.

Missouri Court of Appeals,
Western District.

May 25, 1999.

David Simpson, Asst. Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Michael Barry, Asst. Atty. Gen., Jefferson City, for Respondent.

HANNA, Judge.

The defendant, Phillip Todd Taylor, was charged with the class A felony of first-degree assault, § 565.050, RSMo 1994. On February 11, 1998, the defendant was tried before a jury in the Cole County Circuit Court, and was found guilty of first-degree assault. The trial court sentenced the defendant, as a prior offender, to fifteen years in prison, to run concurrently with the sentence he was already serving. This appeal follows.

The issue on appeal concerns the defendant's confession and the procedural mechanism to determine whether it was voluntary. The defendant contends that the trial court erred when it submitted the voluntariness of the defendant's confession to the jury without a prior determination by the court. The state concedes that it is the duty of the trial court to make a preliminary determination regarding the voluntariness of a confession outside the presence of the jury. Here, an evidentiary hearing was held to determine whether the defendant's confession was voluntary, but the trial court did not make a determination of its voluntariness. Rather, the court submitted the issue of the voluntariness of the instruction, with appropriate instruction to the jury. Thus, the defendant contends that a new trial is necessary to remedy the error caused by admitting evidence of his confession. Alternatively, the state recommends that the case may be remanded for a hearing to determine whether the statement was voluntary.

On September 25, 1996, Patricia Dobson, a guard at the Jefferson City Correctional Center, was working in the prison chapel. At approximately 4:00 P.M., the defendant

entered the chapel and asked Ms. Dobson if he could get some personal belongings out of a locked closet area known as the "sound room." As Ms. Dobson opened the door for him, the defendant grabbed her from behind and put her in a choke-hold. As he struggled with her, Ms. Dobson turned on her radio microphone, which was heard by the radio transmission monitor. The defendant knocked Ms. Dobson unconscious with a metal flashlight. A group of security guards found Dobson lying on the floor with blood around her head. A wet metal flashlight was found in a trashcan in the chapel bathroom, and bloodstains were found on the bathroom sink. The guards then examined the inmates who were attending class in the chapel. They found blood stains on the defendant's clothing. The defendant was taken to a holding cell and strip-searched. The defendant had scratches on his chest and shoulder. He eventually confessed. While in the hospital, Ms. Dobson identified the defendant from a photographic line-up as the person who assaulted her.

Before trial, the defendant filed a motion to suppress his confession. At the hearing, the defendant claimed that his confession was obtained through coercion and, thus, was given involuntarily. The defendant testified that he confessed to the assault because the prison guards threatened to harm him if he did not. He testified that the prison guards pushed him down the stairs and kept him in a "strip cell" for six hours without clothes, food, or water. The defendant explained how three prison guards told him that if he did not confess, he "probably wouldn't be alive tomorrow." The guards further said, "you better hope your God saves you now." The defendant testified that he told the two department of corrections investigators and a Cole County officer who were questioning him, about the threats that the guards made to him.

After hearing the evidence, the court found that the voluntariness of the defendant's confession was an "issue for the jury to determine." It did not make a finding on whether the confession should be suppressed. Accordingly, at trial the court instructed the jury that if it believed that the defendant's confession was voluntary, then it may give it such weight as it believed it deserved in arriving at their verdict. The court further instructed the jury that if it found that the confession was involuntary, then it must disregard the confession and give it no weight in their deliberations.

■ In the defendant's single point on appeal, he argues that the trial court erred in failing to make a fair and reasonable determination regarding the voluntariness of his confession *before* admitting evidence of his confession to the jury. It is the law of Missouri that the trial court must first pass on the voluntariness of a defendant's confession. *State v. Washington,* 399 S.W.2d 109, 114 (Mo.1966). In doing so, the trial court may base its decision on evidence heard at the suppression hearing, evidence received at trial, or both. *State v. Finster,* 963 S.W.2d 414, 416 (Mo.App. 1998).

The defendant refers us to *Jackson v. Denno* for the proposition that a conviction that is founded upon an involuntary confession is invalid. 378 U.S. 368, 376, 84 S.Ct. 1774, 1780, 12 L.Ed.2d 908 (1964). In *Jackson,* the trial court submitted the question of the voluntariness of the defendant's confession to the jury, rather than initially making an independent determination. *Id.* 378 U.S. at 375, 84 S.Ct. 1774.[1] The jury found the defendant guilty of first-degree murder and Jackson was sentenced to death. *Id.* Jackson subsequent-

---

**1.** The court in Jackson instructed the jury that "if it found the confession to be involuntary, it should disregard it entirely, and determine guilt or innocence solely from the other evidence in the case; alternatively, if the jury found the confession to be voluntary, it was to determine its truth or reliability and afford it weight accordingly." 378 U.S. at 374–75, 84 S.Ct. 1774.

ly claimed that his confession was involuntary. *Id.* at 372, 84 S.Ct. 1774.

The United States Supreme Court determined that the trial judge erred in not making a preliminary determination regarding the voluntariness of a defendant's confession before submitting the issue to the jury. *Id.* at 390, 84 S.Ct. 1774. The Court noted that by only submitting the issue to the jury, it is impossible to tell how the jury resolved the question. *Id.* at 379–380, 84 S.Ct. 1774. Specifically, the court stated:

> It is impossible to discover whether the jury found the confession voluntary and relied upon it, or involuntary and supposedly ignored it. Nor is there any indication of how the jury resolved disputes in the evidence concerning the critical facts underlying the coercion issue. Indeed, there is nothing to show that these matters were resolved at all, one way or the other.

*Id.* As such, the Court reversed the defendant's conviction, and remanded the case to the trial court for a hearing and finding on the voluntariness of the confession or a new trial. *Id.* at 396, 84 S.Ct. 1774. In reaching this decision, the Court emphasized that the state was free to give Jackson a new trial if it chose, but the Court would not impose that requirement on the state before the outcome of the supplemental hearing. Addressing the question of a new trial, the Court stated:

> We cannot say that the Constitution requires a new trial if in a soundly conducted collateral proceeding, the confession which was admitted at trial is fairly determined to be voluntary.

*Id.* at 395, 84 S.Ct. 1774. The Court reasoned that due process requires a procedure in which the voluntariness of a defendant's confession is determined by a proceeding separate from trial to assure that this issue is "unbeclouded by other issues and the effect of extraneous but prejudicial evidence." *Id.* at 390, 84 S.Ct. 1774. *See also Sims v. Georgia,* 385 U.S. 538, 541–43, 87 S.Ct. 639, 643, 17 L.Ed.2d 593 (1967).

The Missouri Supreme Court adopted the rule announced in *Jackson. State v. Mitchell,* 611 S.W.2d 211, 214 (Mo. banc 1981). There, Mitchell filed a motion to suppress a confession with the trial court. *Id.* at 212. The court asked the prosecutor whether he planned to introduce the defendant's confession into evidence. *Id.* In response, the prosecutor claimed that no confession had been made. *Id.* Based on this statement, the court concluded that that no suppression hearing was necessary. *Id.* However, the court later admitted evidence of the confession. *Id.* The defendant was convicted and he appealed. *Id.* at 211.

Upon review, the Missouri Supreme Court determined that the court had erred in failing to make a determination of whether his confession was voluntary. *Id.* at 214. However, rather than remanding the case for a new trial, the Court ordered a supplemental hearing to determine whether the defendant's confession was voluntary. *Id.* The Court further concluded that although a trial judge is not required to make formal findings of fact, or write an opinion with regard to the voluntariness of the confession, the trial judge's conclusion must appear with unmistakable clarity from the record. *Id. See also State v. Day,* 970 S.W.2d 406, 409–10 (Mo.App. 1998).

■ In the present case, the record shows that the trial court did not make an initial determination with regard to the voluntariness of the defendant's confession. The trial court stated:

> Well, I find that there's a factual issue for the jury to determine as to whether or not this statement of his was coerced from him. And I will submit that matter to the jury under an appropriate instruction.

■ We do not interpret the court's remark to be a preliminary determination that the confession was voluntary. We

agree with the defendant that under the law, the defendant "is entitled to a reliable resolution" of this issue. *Jackson,* 378 U.S. at 392, 84 S.Ct. 1774. Accordingly, we conclude that the trial court erred in failing to make a preliminary determination of whether the defendant's confession was voluntary. However, we disagree with the defendant's argument that he is automatically entitled to a reversal of his conviction and a new trial. Whether the defendant is entitled to a new trial is a question for the trial court's determination on remand.

In accordance with *Jackson* and *Mitchell,* we remand the case to the trial court for a supplemental hearing, if necessary, to determine whether the defendant's confession was voluntary or involuntary. If the court determines that the confession was involuntary, based on the evidence adduced at the suppression hearing, trial, and the supplemental hearing, the judgment and sentence shall be set aside and the court shall grant a new trial on all issues, without the statement being admitted in evidence. *Day,* 970 S.W.2d at 410. If the court finds that the confession was voluntary, then the court shall so find and the defendant's conviction shall stand.[2] *Id.* (citing *Mitchell,* 611 S.W.2d at 214).

SMART, P.J., and LAURA DENVIR STITH, J., concur.

---

**2.** Although one may presume that the defendant desires to challenge the voluntariness of the confession, a very liberal reading of the appellant's point relied on and the argument that follows does not allow that conclusion, even by implication. The point relied on and the argument that follows leaves no doubt that the defendant is requesting a new trial because the confession was not initially ruled by the trial court. There is no argument challenging the confession further if the trial court determines that the confession was voluntary.