**The STATE of Missouri, Respondent,**

v.

**Gerald EDWARDS, Appellant.**

**No. ED 77103.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 31, 2000.

Lisa M. Stroup, Asst. Public Defender, St.Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Krista D. Boston, Asst. Atty. Gen., Jefferson City, for respondent.

### GEORGE W. DRAPER, III, Judge.

Gerald Edwards (hereinafter, "Appellant") appeals from his convictions of second-degree murder, two counts of first-degree assault, and three counts of armed criminal action. Appellant challenges the admission of oral statements given to police, the sufficiency of the evidence, and comments made by the prosecutor during closing argument. The judgment is remanded for an evidentiary hearing on the issue of whether Appellant's oral statements were voluntary.

On May 18, 1998, Edward Harris (hereinafter, "Harris") and Jahmel Luster (hereinafter, "Luster") picked up Appellant in a dark colored car. When Appellant got into the car, he saw Harris possessed an assault rifle. Appellant did not know who owned the car, but asked if he (Appellant) could drive. Harris was riding in the rear passenger seat and Luster was riding in the front passenger seat. When Appellant began to drive too fast, Harris told him to slow down because he had a "strap"[1] on him. Luster had a semiautomatic pistol as well.

Appellant drove around until spotting a friend on the corner of Wren Avenue and Thekla Avenue speaking to Anthony Atkins. The group continued to drive around the neighborhood, ultimately returning to the corner of Wren and Thekla. They saw Anthony Atkins again on the corner·speaking to a group of teenage girls. As Appellant approached the stop sign at the corner, Harris and Luster opened fire on the group. After shots were fired, Appellant sped away from the scene. Anthony Atkins was wounded fatally by a gunshot to the head. Two of the teenage girls were injured by gunshot wounds to their legs. Another escaped injury.

On June 2, 1998, Appellant was arrested in his home at approximately 11:30 p.m. and taken to the homicide office where

---

1. The record indicates he was referring to a pistol.

Detective Bryan McGlynn (hereinafter, "McGlynn") interviewed him. McGlynn read Appellant his Miranda rights, which he waived, and Appellant initially gave an oral statement denying any involvement in the shootings. Later, Appellant gave a tape recorded statement implicating himself, Harris, and Luster in the shootings. That statement was taken at approximately 2:48 a.m. on the morning of June 3rd after Appellant signed a warning and waiver form.

When McGlynn requested Appellant to submit to a computerized voice stress test to determine whether he was being truthful, he refused. Appellant admitted that he had not been completely truthful about the chain of events, and informed the police that he knew the location of the assault rifle used in the shootings. Appellant explained he instructed his girlfriend to get rid of the rifle. Appellant spoke with his girlfriend via telephone, and the police recovered the rifle. Thereafter, Appellant signed another warning and waiver form and made a second tape recorded statement giving more details about his involvement in the shootings.

At the conclusion of a jury trial on September 29, 1999, the jury returned a verdict finding Appellant guilty of second-degree murder, two counts of first degree assault, and three counts of armed criminal action. Appellant appeals these convictions. Appellant, in his oral motion to suppress asserts that his confessions were involuntarily obtained. Appellant also alleges that the trial court erred in "taking the motion with the case," instead of holding a suppression hearing outside the presence of the jury. The State challenges the form and procedure of Appellant's motion to suppress and contends that the trial court properly heard the motion to suppress by "taking the motion with the case."

On the morning of trial, defense counsel made an oral motion to suppress Appellant's statements. The trial judge indicated that he would not hear the motion before the case, and defense counsel objected. When the State offered Appellant's statements into evidence, defense counsel objected again. At the close of all of the evidence, the trial judge stated that he had considered all of the evidence, considered Appellant's statements, and overruled the motion to suppress in its entirety. Appellant properly preserved this point for appeal.

Appellant contends that since the trial court did not conduct a suppression hearing outside the presence of the jury, it was unaware of all the surrounding circumstances as to how the police secured his statements. Appellant points out that the trial court was unable to hear Appellant's recitation of the events since he chose not to testify at his trial. In his brief, Appellant notes several circumstances surrounding his arrest and confession that the court might have construed as coercive and/or sufficient to render his confession involuntary[2].

When an accused challenges the admission of a confession on the grounds of involuntariness at the trial level in conformity with 542.296 RSMo (1994)[3] it is normally accomplished by the filing of a written motion to suppress pursuant to Rule 24.04(b)1[4], and heard before trial "unless the court orders that the hearing and determination thereof be deferred un-

---

**2.** Appellant was seventeen years old when he was arrested at his home shortly before midnight. During the initial interrogation, Appellant remained handcuffed to a chair for over three hours. Appellant claims that he was precluded from contacting any family members. McGlynn testified that he told Appellant's mother he would contact her to let her know what was going on, but did not contact her until after Appellant gave his first tape recorded statement. McGlynn acknowledged that he could hear fatigue in Appellant's voice.

**3.** All further statutory references are to RSMo (1994) unless otherwise indicated.

**4.** Prior to January 1, 1980, the rule was 25.06(a).

til the trial." Rule 24.04(b)4.[5] As well, Rule 24.05 states:

Requests that evidence be suppressed shall be raised by motion before trial; however, the court may in its discretion entertain a motion to suppress evidence at *any time during trial*.[6] (Emphasis added).

In *State v. Williams*, 654 S.W.2d 215 (Mo. App. E.D.1983) the defendant complained that his written statement was admitted into evidence without the benefit of a hearing outside the presence of the jury, resulting in a conviction for rape and sodomy. In that case, defense counsel made his oral motion to suppress prior to recalling the state's last witness to the stand and complained that his (defendant's) witnesses couldn't afford to return to court another day. *Id.* "[I]t [was] evident from the discussion in chambers that the trial court's decision not to hold a hearing outside the presence of the jury was to accommodate defendant so as not to delay the trial." *Id.*

■ The court stated "Rule 24.05 expressly provides that motions for the suppression of evidence shall be filed before trial but that the court may in its discretion entertain a motion to suppress evidence at any time during the trial." *Id.* at 217. The court recognized the *Williams* "circumstances" as an exception to the rule in Missouri, and found no error in the trial court's failure to hold a hearing outside the presence of the jury on defendant's untimely motion. When the trial court hears such a motion *with* the trial, as opposed to before or *during* the trial when the jury is not present, it is operating under a narrow exception. Cases allowing motions to suppress to be heard *with* the case, in the presence of the jury, general address the suppression of physical evidence and identification evidence. *See, State v. Taylor*, 456 S.W.2d 9 (Mo.1970); *State v. Rains*,

537 S.W.2d 219 (Mo.St.L.Dist.1976); *State v. Davis*, 627 S.W.2d 308 (Mo.App. W.D. 1981); *State v. Martin*, 643 S.W.2d 63 (Mo.App. E.D.1982); *State v. Collins*, 816 S.W.2d 257 (Mo.App. E.D.1991).

■ Clearly, "the requirement of a preliminary hearing outside the presence of the jury to determine the voluntariness of a statement given by a defendant has received a myriad of expressions and refinements. The basic rule has been stated as follows in *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, 1 A.L.R.3d 1205 (1964), which holds that a defendant's constitutional rights are violated when his challenged confession is introduced without a determination by the trial judge of its voluntariness after an adequate hearing. *Pinto v. Pierce*, 389 U.S. 31, 32, 88 S.Ct. 192, 193, 19 L.Ed.2d 31, 33 (1967). The Missouri practice contemplates a preliminary or voir dire examination to determine the competency of a confession before it is presented to the jury. This is a full hearing on the voluntariness of a confession out of the presence of the jury and a finding by the court that the confession was voluntary before it is admitted in evidence." *State v. Wise*, 745 S.W.2d 776, 780 (Mo.App. S.D.1988).

■ In the present case defense counsel objected to the court's decision to take the motion *with* the case. Defense counsel's oral motion could have properly been denied, heard out of the presence of the jury at the convenience of the parties sometime *during* the trial but before use by the State in its case in chief, or taken *with* the case had counsel not objected. Since Appellant made a motion to suppress his statements given to the police, which was accepted by the trial court, the trial court must make a clear-cut determination of voluntariness before the statement can be considered by the finder of fact. *Jackson v. Denno, supra; State v. Hunter*, 456

---

**5.** Prior to January 1, 1980, the rule was 25.06(d).

**6.** *See also,* Section 542.296.3 which states in pertinent part: "[T]he trial judge may in his discretion entertain a motion any time during trial."

S.W.2d 314, 316 (Mo. banc 1970). Missouri practice requires that when the voluntary character of a confession is challenged, it is the duty of the court to conduct a preliminary hearing to determine whether the confession is admissible in evidence. *State v. Lyle,* 511 S.W.2d 817, 818 (Mo. banc 1974). The proper and well-established procedure is to conduct a hearing out of the presence of the jury on that issue, and if the court concludes from that evidence that the statement was free from improper inducement and that it was voluntarily given, the statement is admitted into evidence, and the jury determines the weight to be given to the statement. *State v. Cleveland,* 627 S.W.2d 600, 601 (Mo.1982); *State v. Weston,* 769 S.W.2d 164, 166 (Mo. App. W.D.1989).

■ The proper remedy for erroneously failing to hold a hearing outside the presence of the jury is to remand to the trial court for a post-trial hearing on the issue of voluntariness. *State v. Mitchell,* 611 S.W.2d 211, 214 (Mo. banc 1981). We remand this case to the trial court for a hearing on the voluntariness issue, in accordance with the procedure outlined in *Mitchell* and *State v. Finster,* 963 S.W.2d 414, 418 (Mo.App. S.D.1998):

1. We remand for a full evidentiary hearing on the voluntariness issue requesting a determination and finding by the trial court whether the statements to police were voluntary or involuntary. If, after such hearing, the trial court finds and determines that they were involuntary, the judgment shall be set aside and the trial court shall grant a new trial on all issues, without the statements being admitted in evidence.

2. However, should the trial court find and determine that the statements were voluntary, then it shall certify the transcript of the hearing, along with its determination and findings to this Court to be made a part of the transcript in the cause for determination and disposition of the appeal upon the record as supplemented. *See also, State v. Day,* 970 S.W.2d 406, 410 (Mo.App. E.D.1998); *State v. Taylor,* 999 S.W.2d 744, 745 (Mo.App. W.D.1999); *State v. Wise,* 745 S.W.2d 776, 781 (Mo. App. S.D.1988).

■ Appellant's third point on appeal alleges the trial court erred in overruling Appellant's motion for judgment of acquittal at the close of the State's evidence in that the State failed to prove beyond a reasonable doubt the element of intent under a theory of accomplice liability. Appellant argues that to sustain its burden of proof with respect to the charges of murder and assault, the State must offer sufficient evidence that Appellant demonstrated a purpose to promote the offenses of murder and assault, and that he shared in the purpose of Harris and Luster to kill or inflict serious bodily injury on the victims. We assume, *arguendo,* for purposes of this analysis that Appellant's statements to the police were in fact voluntary under the circumstances.

■ In considering whether the evidence is sufficient to support the jury's verdict, we must look to the elements of the crime and consider each in turn to determine whether a reasonable juror could find each of the elements beyond a reasonable doubt. *State v. Grim,* 854 S.W.2d 403, 405 (Mo. banc 1993) citing *State v. Dulany,* 781 S.W.2d 52, 55 (Mo. banc 1989). Under the *Dulany* standard, we are required to take the evidence in the light most favorable to the State and grant the State all reasonable inferences from the evidence, disregarding all contrary inferences. *Id.*

■ Section 562.036 states that a person with the required culpable mental state is guilty of an offense if it is committed by his own conduct, or by the conduct of another person for which he is criminally responsible, or both. Section 562.041.1(2) says a person is criminally responsible for the conduct of another when "... [e]ither before or during the commission of an offense with the purpose of promoting the

commission of an offense, he aids or agrees to aid or attempts to aid such other person in planning, committing, or attempting to commit the offense." Where it is shown that the defendant acted with the required culpable mental state, it is not necessary to show that he knew that his accomplice would in fact commit a crime to hold the defendant criminally liable as an aider or abettor. *State v. Mills,* 809 S.W.2d 1, 3 (Mo.App. E.D.1990).

■■■■ Therefore, in order to be criminally liable as an accomplice, the defendant need not personally perform each act constituting the elements of the crime, and any evidence that shows affirmative participation in aiding the principal to commit the crime is sufficient to support a conviction. *State v. Clay,* 975 S.W.2d 121, 139 (Mo. banc 1998). Although presence at the crime scene, or presence combined with refusal to interfere, is not sufficient by itself to convict a person as an accomplice, encouragement without any particular physical act may be sufficient to find guilt. *State v. Richardson,* 923 S.W.2d 301, 317 (Mo. banc 1996); *State v. Sensabaugh,* 9 S.W.3d 677, 679 (Mo.App. E.D. 1999). An intent to kill in the context of second-degree murder may be inferred when, under the circumstances, the prohibited result expected may reasonably follow from a voluntary act, irrespective of any subjective desire on the part of the offender to have accomplished the prohibited result. *State v. Kincade,* 677 S.W.2d 361, 364 (Mo.App. E.D.1984).

In this case, the State presented evidence that Appellant got into a car with Harris and Luster, knowing that at least one of them possessed an assault rifle and asked if he could drive. Appellant also knew that Luster had a semiautomatic pistol. Appellant drove aimlessly around the neighborhood, circling around at least twice in the location where the victims were shot. Appellant told police that gang signs were being flashed as he approached the corner where the shooting occurred. Harris and Luster opened fire on the group, killing one person and seriously wounding two others. Appellant facilitated their escape from the crime scene by speeding away. Appellant also disposed of the weapon by instructing his girlfriend to get rid of it. Further, when questioned by the police, Appellant initially denied any involvement in the shootings. There was sufficient evidence for a juror to find beyond a reasonable doubt that Appellant was guilty of second-degree murder and first-degree assault. Point denied.

■■■■ Appellant's fourth point on appeal challenges certain statements made by the prosecutor during closing argument, in that such statements were used to reference Appellant's bad character which was not placed at issue. Moreover, Appellant claims that such statements improperly inflamed the jurors' passions and prejudices, and improperly suggested that Appellant could commit further criminal acts if the jurors did not "stop the insanity."

■■■■ Appellant acknowledges his trial counsel did not object to the prosecutor's statements at trial, and thus, plain error is the review standard. *State v. Shurn,* 866 S.W.2d 447, 460 (Mo. banc 1993). *See also, State v. Baller,* 949 S.W.2d 269, 272 (Mo.App. E.D.1997). It is particularly difficult to obtain relief based on an assertion of plain error concerning closing argument, because the failure to object during closing argument is more likely a function of trial strategy than of error. *State v. Cobb,* 875 S.W.2d 533, 537 (Mo. banc 1994); *State v. Boyd,* 844 S.W.2d 524, 529 (Mo.App. E.D.1992). Courts should rarely grant relief on an assertion of plain error as to closing arguments, for in the absence of an objection and request for relief, the trial court's options are limited to an uninvited interference with summation, which increases the risk of error. *State v. Storey,* 901 S.W.2d 886, 897 (Mo. banc 1995). Therefore, in order to be entitled to relief under plain error review, Appellant must establish that the improper argument had a

decisive effect on the jury by showing that, "in the absence of these comments, the verdict would have been different." *State v. Sloan*, 998 S.W.2d 142, 146 (Mo.App. E.D.1999), citing *State v. Roberts*, 838 S.W.2d 126, 132 (Mo.App. E.D.1992).

Appellant has failed to demonstrate that, absent the improper references, the verdict would have been different. Therefore, we do not believe the claim of error in the case at bar establishes a manifest injustice or an exceptional circumstance. Point denied.

We remand for further proceedings consistent with this opinion.

GARY M. GAERTNER, Sr., P.J., LAWRENCE G. CRAHAN, J., concur.