STATE of Missouri, Respondent,

v.

Gerald EDWARDS, Appellant.

No. ED 77103.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 26, 2002.

Rehearing Denied Jan. 27, 2003.

Gerald Edwards, Jefferson City, pro se.

Jeremiah W. (Jay) Nixon, Attorney General, Anne E. Edgington, Assistant Attorney General, Jefferson City, MO, for respondent.

Before GARY M. GAERTNER, SR., P.J., LAWRENCE G. CRAHAN, J., and GEORGE W. DRAPER III, J.

PER CURIAM.

Gerald Edwards (hereinafter, "Appellant") was convicted of second degree murder, two counts of first degree assault, and three counts of armed criminal action. Appellant filed a direct appeal with this Court. *State v. Edwards*, 30 S.W.3d 226 (Mo.App. E.D.2000). This Court held there was sufficient evidence to support Appellant's conviction, but remanded the case to the trial court for the sole purpose of determining whether Appellant's statements to the police following his arrest were voluntary.

A hearing was held on April 20, 2001, and the trial court issued an order on June 4, 2001, denying Appellant's oral motion to suppress. The transcript of the suppression hearing and the trial court's order have become part of the legal file in this cause and shall become part of the record in Appellant's original appeal. *State v. Day,* 970 S.W.2d 406, 410 (Mo.App. E.D. 1998).

We have reviewed the briefs of the parties, the legal file, and the transcripts and find the trial court's finding that Appellant's statements were voluntary was supported by a preponderance of evidence. State v. Milliorn, 794 S.W.2d 181, 184 (Mo. banc 1990). Appellant brings two additional points in this appeal with regard to evidence presented in the original trial and attacking the credibility of the arresting officer. However, we decline to review these points in that they are moot in light of our finding that there was sufficient evidence to support the verdict. An opinion reciting the detailed facts and restating the principles of law would have no precedential value.

The judgment is affirmed pursuant to Rule 30.25(b).