**STATE of Missouri, Respondent,**

v.

**Amos INGRAM, Appellant.**

**No. ED 94866.**

Missouri Court of Appeals,
Eastern District,
Division Five.

May 24, 2011.

Amy Beth Meyers, St. Louis, MO, for appellant.

Chris Koster, Atty. Gen., James B. Farnsworth, Jefferson City, MO, for respondent.

GARY M. GAERTNER, JR., Presiding Judge.

### Introduction

Amos Ingram (Ingram) appeals from a sentence and judgment of conviction for drug trafficking in the second degree, possession of a controlled substance, unlawful possession of a firearm, and unlawful possession of drug paraphernalia. He asserts that the trial court erred in overruling his motions to suppress statements and evidence, because the State of Missouri failed to present the search warrant involved in the case. Because we find that the trial court erred in denying Ingram's motions to suppress, we reverse and remand for further proceedings.

## Background

Ingram was charged as a prior and persistent offender with trafficking cocaine base (crack) in the second degree (Count I), possession of heroin (Count II), unlawful possession of a firearm (Count III), and unlawful possession of drug paraphernalia (Count IV). Before trial, Ingram filed a motion to suppress evidence, in which he asserted, inter alia, that the search which produced the weapon, drugs, and drug paraphernalia was conducted pursuant to a search warrant that was not supported by probable cause. Specifically, he contended that the search-warrant application contained false statements by Detective Robert Singh regarding his surveillance forming the basis of the application. Ingram also filed a motion to suppress statements, asserting that they were not voluntary in that, inter alia, his statements were made pursuant to an unlawful arrest stemming from a search warrant that was not supported by probable cause. The trial court did not hold a hearing prior to the trial on the motions to suppress the evidence and statements, but took the motions with the case. Further, the court did not determine, either prior to or during trial, whether Ingram's statements were voluntarily made.

At trial, Detective Singh testified that on March 27, 2009, he applied for and was granted a search warrant for 5017 Arlington. Detective Singh testified that to obtain the warrant he went "to the Circuit Attorney's Office and present[ed] the affidavit and then present[ed] it to a judge," who authorized the search warrant. The State, however, failed to admit into evidence the search warrant, search-warrant application, or the supporting affidavits; and Detective Singh also did not testify as to the content of any of these documents at trial.

Detective Singh testified that prior to applying for the search warrant, he performed surveillance on 5017 Arlington after receiving information from a confidential informant that an individual named Amos Ingram was selling crack cocaine and heroin and was in possession of a firearm. Department of Revenue records indicated that Amos Ingram lived at 5017 Arlington. Detective Singh testified that during his surveillance, he observed activity consistent with drug transactions, including what he believed—based on his experience as a narcotics investigator—to be a hand-to-hand drug transaction. Detective Singh did not testify that this information was included in the search warrant, the application, or the supporting affidavits.

When police executed the search warrant for 5017 Arlington, they found crack, heroin, a revolver, and drug paraphernalia. Upon Ingram's arrest, he stated that he was holding the gun for a friend, and that the drugs were for his personal use. He did not have drugs, drug paraphernalia, or a weapon on his person at the time of his arrest.

Also at trial, counsel for Ingram renewed his objections to the admission of the seized evidence and statements that he had raised in his motions to suppress, and the trial court overruled Ingram's motions to suppress. The jury found Ingram guilty on all four counts, and the trial court sentenced Ingram to concurrent terms of 15 years in the Missouri Department of Corrections. This appeal follows.

## Discussion

█ In his sole point on appeal, Ingram asserts the trial court erred in overruling his motions to suppress evidence and statements. Ingram argues that because the State failed to meet its burdens of production and proof as to the validity of

the search warrant, the court was required to suppress all evidence found and seized as a result of the search, and the statements Ingram made pursuant to his arrest. We agree.

 Ingram here filed two motions to suppress: one to suppress statements made during his arrest, and one to suppress physical evidence seized pursuant to a search warrant. The trial procedures for these two types of motions to suppress are different. For a motion to suppress statements, a trial court is required to conduct a pre-trial hearing or a hearing during trial outside the presence of the jury to determine the voluntariness of the statements. *State v. Edwards*, 30 S.W.3d 226, 230–31 (Mo.App. E.D.2000) ("Missouri practice requires that when the voluntary character of a confession is challenged, it is the duty of the court to conduct a preliminary hearing to determine whether the confession is admissible evidence"; well-established procedure requires hearing to be outside presence of jury). By contrast, a motion to suppress physical evidence falls within a narrow exception that allows a trial court to hear the motion with the case, in the presence of the jury. *Id.* at 230.

 Here, Ingram filed a motion to suppress his statements challenging their voluntary character, and the trial court failed to hold a hearing to determine the voluntariness of the statements. This was in error. Ingram also filed a motion to suppress physical evidence, and the trial court took the motion with the case, which is permissible, but discouraged.[1] Nevertheless, the trial court's denial of the motion to suppress physical evidence was also in error, for the following reasons.

"No warrant shall issue except upon probable cause supported by oath or affirmation." *State v. Neher*, 213 S.W.3d 44, 49 (Mo. banc 2007). An issuing judge must determine probable cause for the search warrant from the totality of the circumstances set forth in the affidavit accompanying the search-warrant application. *Id.* Our review is merely to ensure that a substantial basis exists for the issuing judge's determination of probable cause, to which we give great deference. *Id.* In reviewing for probable cause, we "may not look beyond the *four corners* of the warrant application and the supporting affidavits." *Id.* (emphasis added). We review a trial court's decision to grant or deny a motion to suppress to determine if there was substantial evidence to support the decision, and will only reverse if the trial court's ruling was clearly erroneous.[2] *State v. Nylon*, 311 S.W.3d 869, 884 (Mo. App. E.D.2010).

After Ingram filed his motions to suppress, the State had the burden to prove by a preponderance of the evidence that the court should overrule the motions and admit the evidence. Section 542.296.6, RSMo (2000); *State v. Franklin*, 841 S.W.2d 639, 643 (Mo. banc 1992). The

---

1. This case illustrates the substantial problems associated with a trial court's taking *any* motion to suppress with the case. It is a better practice to conduct an evidentiary hearing on any motion to suppress outside the presence of the jury *prior* to the start of trial. *State v. Rains*, 537 S.W.2d 219, 223 n. 1 (Mo.App.1976).

2. We are unpersuaded by the State's argument on appeal that Ingram did not properly preserve his claim of error. Ingram's motions to suppress naming Detective Singh was sufficiently specific to apprise the trial court of the grounds for the objection, and to allow the State the opportunity to correct any deficiencies in the evidence. *State v. Stepter*, 794 S.W.2d 649, 655 (Mo. banc 1990); *State v. Brown*, 949 S.W.2d 639, 642 (Mo.App. E.D. 1997).

State, however, failed to introduce the search warrant, the application, and the supporting affidavits at trial. Because our review is limited to the *four corners* of the search warrant and its supporting affidavits, and because the State failed to produce any of those documents in response to the motions to suppress, this court cannot determine whether there was probable cause for the search warrant. *State v. Laws*, 801 S.W.2d 68, 70 n. 1 (Mo. banc 1990) (limiting appellate review of issuing judge's probable-cause finding to four corners of search warrant application and affidavits). Thus, because there was no evidence presented at trial by the State to support the trial court's denial of the motion to suppress, the trial court's ruling was clearly erroneous. *Nylon*, 311 S.W.3d at 884.

We note, however, that the United States Court of Appeals for the Eleventh Circuit in *United States v. Pratt*, 438 F.3d 1264 (11th Cir.2006), found no error in a district court's denial of a defendant's motion to suppress after the government was unable to produce the search warrant. *Pratt*, however, is inapposite.

In *Pratt*, the defendant filed a motion to suppress asserting that because the search warrant was missing from the file, no judge had issued the warrant and the police had used the affidavit as authorization for the search. The district court held a pre-trial hearing on the motion at which the issuing judge testified that his practice was to ensure that language of the search warrant and the affidavit mirrored each other; the government entered the affidavit supporting the search warrant into the record; and the detective testified that he had obtained the search warrant, read the search warrant to the defendant before the search, and placed it on the kitchen counter, at which point it disappeared. *Id.* at 1267–68.

Under the circumstances, the Eleventh Circuit found that the district court did not err in denying the motion to suppress, determining that because the language of the affidavit exactly mirrored the search warrant, the court was able to determine the content of the missing search warrant. The Eleventh Circuit held that when a search warrant is not in evidence at a suppression hearing, the government may still satisfy its burden under the Fourth Amendment if it can prove by a preponderance of the evidence the missing search warrant's "*exact* language." *Id.* at 1270 (emphasis in the original). Here, however, the State did not prove the exact language in the search warrant, either through Detective Singh's testimony, which was silent as to the contents of the search warrant, the application, and the supporting affidavit, or by producing the actual documents. Thus, the trial court here erred in denying the motion to suppress evidence.

▪ Although Ingram's conviction must be reversed, we agree with the State that Ingram is not entitled to an outright discharge, as Ingram requests. Rather, retrial is the appropriate result.[3] When, as here, a conviction must be reversed solely due to erroneously admitted evidence, re-

---

3. The parties dispute the proper remedy here. In general, the proper remedy for failing to hold a hearing outside the presence of the jury on a motion to suppress statements is to remand for the trial court to hold a post-trial hearing on the issue of voluntariness. *Edwards*, 30 S.W.3d at 231. Here, however, Ingram's motion to suppress statements was based on an illegal search, and we have already found that the State failed to meet its burden to show the search was valid. Accordingly, the proper remedy is to reverse for a new trial, as set forth in *State v. Martin*, 79 S.W.3d 912, 915, 917–18 (Mo.App. E.D.2002) (reversing and remanding for new trial following improper admission of evidence seized in illegal detention, after motion to suppress was taken with case).

trial is constitutionally permissible. *Burks v. United States,* 437 U.S. 1, 14–16, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978) (Double Jeopardy Clause precludes retrial when evidence presented at trial was legally insufficient to support conviction, but retrial is permissible when conviction is set aside due to error in proceedings—such as incorrect receipt or rejection of evidence—leading to conviction); *State v. Wood,* 596 S.W.2d 394, 398 (Mo. banc 1980). Ingram does not allege that the evidence submitted at trial was insufficient to support the conviction; rather, he contends that the evidence should have been suppressed, and that without the seized evidence and its fruits, he would not have been convicted.

We cannot say, however, that the State had no other evidence upon which to make a submissible case had the trial court ruled correctly. *State v. Kinkead,* 983 S.W.2d 518, 519 (Mo. banc 1998). The State here relied upon the trial court's erroneous ruling on the admission of the evidence and statements, which it was entitled to do, and thus did not present evidence other than the evidence seized pursuant to the search. *Id.* (State may rely at trial on trial court's erroneous evidence rulings); *Wood,* 596 S.W.2d at 398–99 (State is not required to present cumulative evidence on chance that evidence might be found inadmissible on appeal). On retrial, the State is not prohibited from relying on different evidence not adduced at the first trial. *Id.* at 399.

Further, we do not agree with Ingram that *State v. Oberg,* 602 S.W.2d 948 (Mo. App. W.D.1980), is controlling here. We see a distinction between the facts in this case, where the police conducted the search pursuant to a search warrant that the State failed at trial to produce, thus preventing this court from determining whether there was probable cause for the search, and the facts of *Oberg,* where the

police conducted the search without a search warrant and the record affirmatively revealed that the police had no right to conduct the search. *Oberg,* 602 S.W.2d at 954–55. Here, by contrast, the record is insufficient both to demonstrate what facts, if any, constituted probable cause for the search warrant, and also to demonstrate affirmatively that the search in fact violated Ingram's Fourth Amendment rights.

Accordingly, we reverse and remand. On remand, the State may choose not to re-try the case; may proceed to retrial without the seized evidence and Ingram's statements; or may proceed to retrial and seek to introduce the disputed evidence, after a hearing to determine the voluntariness of the statements, and by offering additional evidence sufficient to carry its burden to allow for admission of the physical evidence. *State v. Martin,* 79 S.W.3d 912, 917–18 (Mo.App. E.D.2002) (allowing State on remand to offer additional evidence sufficient to meet its burden for proper admission of disputed evidence).

## *Conclusion*

The judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion.

MARY K. HOFF and PATRICIA L. COHEN, JJ., concur.