**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Kenneth MILLS, Defendant-Appellant.**

**No. 51908.**

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 25, 1987.

Norman S. London, Thomas F. Flynn, London, Greenberg & Pleban, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Jatha B. Sadowski, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KELLY, Judge.

Kenneth Mills appeals from his conviction, after a trial by jury, of unlawful possession of a concealable firearm; § 571.070 RSMo 1986.[1] The trial court found Mills to be a persistent offender within the meaning of § 558.016 and sentenced him to ten years imprisonment as authorized under § 557.036.4. Mills challenges the trial court's denial of his motion to suppress evidence discovered incident to his arrest. We affirm.

The evidence adduced at trial established the following facts:

Officer John McCrary testified that on October 19, 1984, at approximately 3:05 a.m., he and Officer John Eichelberger, both of the Metropolitan St. Louis Police Department, received a police radio broadcast as they were patrolling the City's Fifth District in their squad car. The broadcast announced that a white male known as Kenneth Mills was wanted by the Third District for the destruction of property and leaving the scene of an accident. The broadcast also announced that the suspect was operating a maroon oldsmobile bearing Illinois license plates en route to 2123 Bremen St.

The two officers responded to the broadcast and proceeded to the 2100 block of Bremen. Approximately one to two blocks from 2123 Bremen St., the officers observed a dark-colored general motors car parked on the south side of the street. As the officers drove down the street, they observed a white male exit the car and walk to its trunk. The subject turned around, looked in the officer's direction and walked across the street.

The subject, later identified as the appellant, then walked up the steps onto the

1. All statutory references are made to RSMo 1986.

first floor landing of the building at 2123 Bremen St. The officers parked their car next to the car the appellant exited from, identified it as a maroon oldsmobile with Illinois plates and left the squad car.

The two officers, believing the suspect to be armed, drew their guns and ordered him to leave the landing. The suspect hesitated but complied after the second command. Upon request, he identified himself as Kenneth Mills. The officers advised the appellant he was under arrest for destruction of property and leaving the scene of an accident.

Immediately after the arrest, Officer McCrary conducted a pat-down search of the appellant. McCrary discovered a .25 caliber automatic pistol in the right front pocket of appellant's jacket. The pistol was loaded with two live rounds in the clip and one live round in the chamber. At trial, McCrary identified State's Exhibit No. 1 as the .25 caliber pistol that he discovered in the appellant's pocket and State's Exhibit No. 1–A as the pistol envelope containing the pistol and the cartridges.

After obtaining appellant's consent, Officer Eichelberger searched the trunk of the maroon Oldsmobile and discovered a .22 caliber rifle. Officer McCrary placed the appellant in the rear seat of the squad car and notified the Third District that the suspect had been found. The officers then transported the appellant to the Fifth District police station.

Following Officer McCrary's testimony, the court took judicial notice of judgment orders contained in its own court files that showed the appellant's prior felony convictions in 1968 and 1978. The court found the appellant to be a persistent offender beyond a reasonable doubt. This finding made him eligible for an extended term sentence under §§ 558.016 and 557.036.4.

Officer George Moehlenhoff of the Third District testified that he placed a call to the police dispatcher regarding appellant at approximately 1:30 a.m. Another wanted call was placed at approximately 2:40 a.m. The second call was an all points bulletin originating from the Third District regarding a subject named Kenneth Mills allegedly en route to the Fifth District armed with a pistol.

Officer Frank Stubits, a St. Louis City police officer assigned to the laboratory division, testified that he examined State's Exhibit No. 1, the .25 caliber pistol, test fired it and found it to be in proper working order.

The state rested its case, and the court denied appellant's motion for directed verdict of acquittal at the close of the state's case.

The appellant called two witnesses to testify on his behalf. The first witness, Sonia Little, testified that she witnessed the appellant's arrest as she stood in the doorway of the apartment house at 2123 Bremen St. She saw the officer's search the appellant, handcuff him and place him in the police squad car. She did not observe the officers take a gun or anything else from the appellant during their search in front of the apartment building.

The second witness, George Karsch, testified that he also witnessed the appellant's arrest. He stated that he heard the police officers order the appellant to leave the landing of the building. He observed the police handcuff and frisk the appellant and place him in the squad car. He did not see the officers recover a gun or any other item from the appellant while they searched him. Mr. Karsch then observed one of the officers search the maroon oldsmobile. He heard the officer explain that he found a gun inside the "glove" of the car. He observed the officer lift the gun out of the car and show it to the other officer. Mr. Karsch testified that the gun he saw the officer holding was a pistol.

After Mr. Karsch's testimony, the defense rested its case. After instructions by the court, the jury retired to deliberate and returned a verdict of guilty.

In his sole point on appeal, appellant challenges the trial court's denial of his motion to suppress evidence discovered incident to his arrest. He contends the state failed to demonstrate that the warrantless arrest was based on probable cause' be-

cause the state failed to establish the underlying facts and circumstances that supported the radio broadcast. Therefore, he concludes that the trial court's denial of his motion to suppress "was manifestly erroneous".

In response, the state asserts that the ruling on the motion to suppress has not been preserved for review because the appellant failed to object when the state introduced the evidence at trial. Additionally, the state contends that the proper resolution of this case rests not upon a probable cause analysis but upon the stop and frisk doctrine established in *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). In the alternative, it argues that a probable cause analysis demonstrates that probable cause to arrest the appellant did exist but that the appellant failed to properly raise the issue whether the radio broadcast was based on probable cause.

Appellant replies that the ruling on the motion to suppress was preserved for review since he had no duty to object to the evidence at trial. Alternatively, he argues even if the pretrial ruling was not preserved for review, the state's use of illegally obtained evidence to convict him of the offense constitutes plain error.

Appellant also answers that an analysis of the pretrial ruling under the stop and frisk doctrine of *Terry v. Ohio* is inappropriate. He states that a probable cause analysis demonstrates that the state failed to establish probable cause to justify the warrantless arrest. Finally, appellant asserts that he properly raised the issue whether probable cause existed to support the radio broadcast when he filed the motion to suppress evidence.

Before analyzing the issue of probable cause, we first address whether the ruling on the motion to suppress has been preserved for review. Appellant bases his argument that he had no duty to object on two theories: 1) the testifying officer never identified the pistol he examined at trial as the firearm seized from the appellant's jacket; and 2) the state never moved or offered the pistol into evidence. Appellant reasons that both the identification and the offer into evidence must have occurred before a duty to object at trial could be created.

Appellant's theory that the pistol was never identified at trial as the one seized from his person is unpersuasive. Although the prosecutor laid an imperfect foundation, the record reveals that an identification of the pistol was made. The relevant portion of the transcript reads:

Q. Mr. McCrary, I am going to hand you what has been marked as State's Exhibit No. 1 and ask if you in fact recognize what that exhibit is?

A. It is a .25 automatic pistol.

. . . . .

Q. Once you seized *this* .25 caliber pistol from the defendant—and where did you say that you got it from?

A. Right front jacket pocket.

(emphasis added). From this record, we conclude that the pistol referred to at trial was sufficiently identified as the pistol seized from the appellant.

■■ Appellant's second theory is similarly unpersuasive. A ruling on a motion to suppress evidence is interlocutory and subject to reconsideration by the trial court at any time prior to the verdict. *State v. Beaver,* 697 S.W.2d 573 [4] (Mo.App.1985). In order to preserve a pretrial ruling for review, "an objection must be made at trial when the evidence is offered *or the reference made.*" *State v. Evans,* 639 S.W.2d 820, 822 [1] (Mo.1982) (emphasis added). Here, both the prosecutor and Officer McCrary referred at trial to the same pistol that was the subject of the motion to suppress. Appellant had a duty to object when the reference was made and failed to do so. This failure to object has resulted in a failure to preserve the issue for appellate review. Accordingly, our review of the pretrial ruling is limited to plain error affecting substantial rights resulting in manifest injustice or miscarriage of justice. Rule 29.12(b). We find no error, plain or otherwise.

As a general rule, the constitutional validity of a warrantless arrest depends upon whether the arrest is based on probable cause. *Beck v. Ohio,* 379 U.S. 89, 91 [2], 85 S.Ct. 223, 226, 13 L.Ed.2d 142 (1964); *State*

*v. Olds,* 603 S.W.2d 501, 505 [1] (Mo. banc 1980). Where a lawful arrest is made, a search incident to the arrest meets an exception to the warrant requirement of the Fourth Amendment. *State v. Wiley,* 522 S.W.2d 281, 289 [15] (Mo. banc 1975).

To support his argument that the warrantless arrest was not based on probable cause, appellant cites *Whiteley v. Warden,* 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971). *Whiteley* dealt with the validity of an arrest warrant issued pursuant to an informant's tip. The Court examined the complaint on which the warrant issued and held that it could not support a finding of probable cause. *Id.* at 568, 91 S.Ct. at 1037. The Court stated that the arresting officer did not possess any factual data tending to corroborate the informant's tip and concluded that Whiteley's arrest, and the search incident thereto, violated his constitutional rights. *Id.*

We find *Whiteley* distinguishable on two grounds. First, no attempt is made in the present case to rely upon an arrest warrant to justify the arrest as occurred in *Whiteley.* Second, factors corroborating the radio broadcast were presented at the hearing on the motion to suppress here where they were not presented in the *Whiteley* case. Thus, *Whiteley* is not determinative of the case before us.

■ In determining probable cause,[2] we are firmly guided by Missouri cases that have found probable cause for a warrantless arrest established "where the facts and circumstances within the arresting officers' knowledge and of which they have reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in a belief that an offense has been or is being committed" by the person to be arrested. *State v. Olds,* 603 S.W.2d at 505 [2]. *See also, State v.*

*Wiley,* 522 S.W.2d 281, 287 [3] (Mo. banc 1975); *State v. Singer,* 719 S.W.2d 818, 821 [2] (Mo.App.1986). Both *Olds* and *Singer* dealt with the constitutionality of a warrantless arrest made in reliance upon a police radio bulletin. In both cases, probable cause was found after the contents of the radio bulletin and the factors corroborating the bulletin were presented to the court. *Olds,* 603 S.W.2d at 505 [3]; *Singer,* 719 S.W.2d at 821 [3].

■ In the present case, the transcript of the suppression hearing reveals that the arresting officers were aware of a radio broadcast which identified the defendant, the automobile he was driving and his destination. The officers corroborated the contents of the radio broadcast at the arrest scene. Common to both the broadcast and the arrest scene were: the color, make and license plate of the car, the car's presence one to two blocks from the location broadcast, the presence of a white male exiting the car and walking to the location broadcast, and the identification of the suspect as the individual named in the bulletin. The similarity of circumstances adequately supports a finding of probable cause to arrest without a warrant.

The arrest of appellant was based on probable cause and the resulting search was constitutional as a search incident to a lawful arrest. There was no error in the trial court's ruling to admit into evidence the pistol which was found as the product of that search. Therefore, the judgment is affirmed.

SATZ, P.J., and CRIST, J., concur.

---

**2.** Appellant cites no Missouri authority to support his argument that the state must present the underlying factual predicate of the radio broadcast in order to establish probable cause. Instead, he relies for support on cases from other jurisdictions, primarily *People v. Dodt,* 61 N.Y.2d 408, 474 N.Y.S.2d 441, 462 N.E.2d 1159 (N.Y.1984). *Dodt* addressed the burden of proof issue in the following manner:

It follows that when police have acted on the basis of a teletype or radio bulletin the

prosecution's burden is not discharged absent proof regarding the contents of the communication received ... When a proper suppression motion is filed ... the *content* of the bulletin upon which the police acted, *as opposed to its basis or source,* must be proved at the hearing.

*Id.* at 1163 (emphasis added). This holding is entirely contrary to the appellant's proposition that the basis or source of the bulletin must be proved.