THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. SUSAN A. HUNT, Defendant-Appellee.

Third District   No. 3—88—0552

Opinion filed September 11, 1989.

HEIPLE, J., dissenting.

John A. Barra, State's Attorney, of Peoria (Rita Kennedy Mertel, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Mark D. Fisher, of State Appellate Defender's Office, of Ottawa, for appellee.

PRESIDING JUSTICE WOMBACHER delivered the opinion of the court:

The defendant, Susan A. Hunt, was charged with unlawful possession of cannabis with intent to deliver and unlawful possession of a controlled substance. (Ill. Rev. Stat. 1987, ch. 56½, pars. 705(d), 1402(b).) Prior to trial, she filed a motion to suppress evidence. After conducting a hearing on the motion, the trial court denied it. The court subsequently convicted her of the charged offenses. She then filed a post-trial motion to suppress evidence and grant her a new trial. The court reconsidered its earlier ruling and granted her motion. The State appeals. We affirm.

The issue on appeal is whether the evidence used against the defendant at her trial was obtained in violation of her freedom from unreasonable search and seizure as guaranteed by the fourth amendment to the United States Constitution (U.S. Const., amend. IV). The relevant evidence showed that at approximately 9 p.m. on February 20, 1988, the defendant, Sidney Rutherford, and Ricky Keeton went to Tony's liquor store in Peoria. They parked across the street in the parking lot of a closed Miracle Mart. Rutherford got out of the car and went into the liquor store. The defendant, who owned the car, then moved from the back seat to the driver's seat.

Officer Greg Metz of the Peoria police department testified that he was on patrol that evening. During his patrol he stopped at the Miracle Mart parking lot. He often went to that vicinity to watch for minors purchasing liquor at Tony's and people drinking in their cars. He noticed the defendant's car and observed that two people were seated in the front seat. He saw no one exit or enter the vehicle and was unable to determine whether the individuals were minors or adults. From his original vantage point, Metz could not see any activ-

ity by the vehicle's occupants.

After watching the vehicle for two or three minutes, Metz drove up behind it with his headlights off. When he was about 10 feet from the car, he turned on his high-beam headlights and his spotlight. As he exited his patrol car, Metz noticed the individual in the passenger seat duck or make a quick movement of some kind. Metz walked up to the passenger window. Keeton rolled down the window, and Metz asked him if he was drinking in the car. Keeton responded that he was not. During this exchange, Metz was shining his flashlight into the car. He noticed clear plastic bags containing a green, leafy substance near Keeton's right foot. Metz opened the car door and ordered Keeton out of the car. He then reached into the car and picked up one of the bags. Keeton was searched and handcuffed. Metz then continued his search of the vehicle. The defendant remained seated in the driver's seat throughout this period.

When other officers arrived, the defendant was ordered out of the car, searched, and handcuffed. The defendant testified that she never consented to having her car searched. The State and the defendant stipulated at trial to tests showing that both cannabis and cocaine were retrieved in the search of the defendant's vehicle.

■ The fourth amendment applies to all seizures of persons, including brief investigatory stops of vehicles. (*United States v. Cortez* (1981), 449 U.S. 411, 66 L. Ed. 2d 621, 101 S. Ct. 690.) In determining whether the search and seizure was "unreasonable," the court must first inquire whether the officer's action was justified at its inception. (*Terry v. Ohio* (1968), 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868.) Although an officer need not have probable cause to briefly detain a suspect, he is required to have a reasonable suspicion, based on objective facts, that the individual is involved in criminal activity. (*Brown v. Texas* (1979), 443 U.S. 47, 61 L. Ed. 2d 357, 99 S. Ct. 2637.) In justifying the particular intrusion, the police officer must be able to point to specific and articulable facts which, when taken together with rational inferences from those facts, reasonably warrant the intrusion. (*Terry v. Ohio* (1968), 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868.) In the absence of any basis for suspecting a person of misconduct, the balance between the public interest and the individual's right to personal security and privacy tilts in favor of freedom from police interference. (*Brown v. Texas* (1979), 443 U.S. 47, 61 L. Ed. 2d 357, 99 S. Ct. 2637.) A reviewing court will not disturb a trial court's finding on a motion to suppress unless that finding is manifestly erroneous. *People v. Tisler* (1984), 103 Ill. 2d 226, 469 N.E.2d 147.

■■ In the instant case, the sole issue is whether Officer Metz's investigatory stop was justified at its inception. Metz's own testimony reveals that he could not point to any objective facts supporting a reasonable suspicion that the defendant was involved in criminal activity when he observed her sitting in her car. He simply saw two individuals seated in a car across the street from a liquor store. He saw no one enter or leave the vehicle. From his vantage point, he could not determine the ages of the people in the vehicle, or what, if any, activity they were engaged in. His observation of the vehicle lasted only two or three minutes. Accordingly, Metz's subsequent investigatory stop was based entirely upon his knowledge of past criminal activity in the area. While past criminal activity in an area may be a relevant factor supporting an investigatory stop, it alone cannot justify the stop. The investigating officer must reasonably suspect the particular subjects of the investigation. Since here Officer Metz did not have a reasonable suspicion about the occupants of the defendant's car, the trial court properly granted the motion to suppress the illegally seized evidence and granted the defendant a new trial.

The judgment of the circuit court of Peoria County is affirmed.

Affirmed.

STOUDER, J., concurs.

JUSTICE HEIPLE, dissenting:

The trial court found the defendant, Susan A. Hunt, guilty of unlawful possession of cannabis with intent to deliver and unlawful possession of a controlled substance. (Ill. Rev. Stat. 1987, ch. 56½, pars. 705(d), 1402(b).) The court subsequently granted the defendant's posttrial motion to suppress illegally seized evidence and to grant her a new trial. Since Officer Greg Metz noticed the cannabis while he was lawfully positioned outside the defendant's vehicle, the trial court erred in suppressing the evidence. Accordingly, I dissent.

Officer Greg Metz testified that on the night in question he was watching the Miracle Mart parking lot. He stated that the parking lot was frequently used by underage drinkers who were purchasing alcohol at the liquor store across the street. After watching two people in the defendant's car for approximately two minutes, he drove to within 10 feet of the car. He then illuminated the vehicle with his high-beam headlights and spotlight. As he got out of the car, he saw a passenger in the front seat make a quick movement. Officer Metz walked up to the passenger side of the vehicle and shined his flashlight into the car.

The male passenger, Ricky Keeton, rolled down the window. Metz asked the occupants if they had been drinking, and Keeton said that they had not. From his position outside the car, Metz saw a green, leafy substance inside clear plastic bags at the passenger's feet. Metz then opened the car door, had Keeton step out, and took one of the bags. Another officer searched the defendant and found in her pocket a brown paper bag containing a white powdery substance.

Where a police officer converses with an individual but does not restrain the individual's freedom to walk away, an investigative stop had not occurred, even if the conversation was investigative in nature. (*People v. Kennedy* (1978), 66 Ill. App. 3d 267, 383 N.E.2d 713.) A police officer, just as any citizen, has the right to be in a parking lot next to a business which is open to the public. (*People v. Caserta* (1984), 123 Ill. App. 3d 608, 463 N.E.2d 190.) There is no legitimate expectation of privacy shielding that portion of the interior of a car which may be viewed by inquisitive passerby, and the use of a flashlight to illuminate such an area does not trigger fourth amendment protection. *Texas v. Brown* (1983), 460 U.S. 730, 75 L. Ed. 2d 502, 103 S. Ct. 1535.

Contrary to the majority's holding, I find that Officer Metz did not subject the defendant to an investigative stop. Rather, Metz properly walked up to the car, which was in a parking lot next to a business open to the public. As already noted, this was a parking lot known to be frequented by underage drinkers who were purchasing alcohol at a liquor store across the street. His question to Keeton did not transform the encounter into an investigative stop. Neither Keeton nor the defendant was restrained from leaving at that time. Consequently, Officer Metz's observation of the marijuana in plain view was proper. The officer's subsequent actions were also proper because at that point, they were based on probable cause.

For these reasons, the order suppressing the evidence should be reversed and I dissent.