COHN, JAMES I., Associate Judge.
The State appeals orders suppressing physical evidence post-trial and granting a new trial and raises the following three issues:
1. Whether the trial court abused its discretion when it reconsidered the defendant’s motion to suppress post-trial;
2. Whether the trial court erred when it granted the defendant’s motion to suppress; and
3. Whether the trial court erred when it granted the defendant’s motion for new trial.
Defendant, Johnny Ray Graham, was charged with possession of cocaine and possession of drug paraphernalia. Defendant filed a pretrial motion to suppress physical evidence alleging an illegal search. The trial court conducted a pretrial evidentiary hearing. The main issue was whether the defendant dropped the evidence (cocaine rock wrapped in counterfeit $20.00 bills) before or after he was stopped. The State conceded that the legal authority for stopping the de *362 fendant was based solely on finding that the evidence drop occurred first.
Of the four police officers involved in this ease, only Officers Schramm and Baker were eyewitnesses to the “drop.” Officer Baker did not testify at the hearing on the motion to suppress. In denying the motion to suppress, the trial court stated that it was not adverse to reconsideration of its ruling if the evidence at trial differed from that presented at the hearing.
At trial, the only additional evidence bearing on the motion to suppress came from Officer Baker and the defendant. Officer Baker’s testimony essentially corroborated Officer Schramm’s testimony that the defendant ran into a rooming house and was seen dropping the evidence. Thereafter, Officer Baker grabbed and handcuffed the defendant. The defendant testified that he had a conversation with the police and was subsequently handcuffed and searched. The search resulted in the seizure of the contraband.
After the rendition of the jury’s verdicts finding the defendant guilty of both counts, the defendant renewed his motions for judgment of acquittal or in the alternative, a new trial. The trial court granted the motion to suppress and a new trial. It found that Officer Schramm could not have seen the “drop” because Officer Baker was blocking Schramm’s view, and thus concluded that Schramm’s testimony was insufficient to establish probable cause for the arrest and search.
The trial court noted that the only other evidence which could provide a basis for the search was the testimony of Officer Baker. Pivotal to the trial court’s decision was its assessment of Baker’s credibility:
The Court is not prepared to rely solely on the testimony of Officer Baker in this matter. Officer Baker testified in the case of State of Florida vs. Jerry Wilson, St. Lucie Court Case No. 97-345CF. In that case, Officer Baker testified that he was on surveillance at approximately 9:00 or 9:30 P.M. on November 27, 1996. He testified that the sun was going down and it was dusk or near dusk; street lights were on. He testified that he was about 100 yards away, had nothing to obstruct his vision, and was able to identify the defendant. The location at which the incident occurred was actually over 500 feet from the point of observation.
At the time the officer was testifying, the court had questions as to the reliability of the testimony based on the Court’s knowledge of the area. The next morning, the Court went to the location the officer used for surveillance. No one could have identified anyone from that location who was at the place where the incident occurred. After the trial, the Court asked Officer Baker, together with the Assistant State Attorney trying the case, to approach, and advised Officer Baker of the Court’s observations and the importance of maintaining one’s credibility.
The State contends that there was no “new or additional evidence” presented at trial concerning the legality of the search or substantially affecting the credibility of the evidence, therefore there was no basis for reconsideration. It is settled law that while a trial court has jurisdiction of a case, and upon appropriate motion or objection made by either counsel, it has the inherent power to reconsider a previous ruling made on a motion to suppress. Savoie v. State, 422 So.2d 308, 312 (Fla.1982); Obregon v. State, 601 So.2d 616 (Fla. 3d DCA 1992). Accordingly, we find no error in the trial court’s reconsideration of its denial of the motion to suppress.
The State also asserts that several of the trial court’s findings are without basis in the evidence and therefore warrant a reversal. In particular, the State contends that the trial court made specific findings with respect to the credibility of Officer Baker. These findings were based in large part on Officer Baker’s testimony before the same judge two or three weeks prior in an unrelated case, State v. Wilson. In Wilson, the trial court found Officer Baker’s testimony to be unreliable, and even advised Officer Baker of “the importance of maintaining one’s credibility.” Although this judge’s diligence in seeking the truth is most commendable, his findings in Wilson cannot be the basis for discrediting Baker in the case sub judice. Such findings were not based on the evi- *363 denee presented either at the hearing on the motion to suppress or at trial. The prejudgment by the trier of fact of the credibility of Officer Baker constitutes clear error.
It is well established that a trial court’s ruling on a motion to suppress is clothed with the presumption of correctness on appeal, and the reviewing court will interpret the evidence and reasonable inferences and deductions derived therefrom in a manner most favorable to sustaining the trial court’s ruling. McNamara v. State, 357 So.2d 410 (Fla.1978); Acensio v. State, 497 So.2d 640 (Fla.1986). However, an appellate court is not “bound to accept a trial court’s determination of questions of fact at a motion to suppress hearing when the determination is clearly shown to be without basis in evidence or predicated upon an incorrect application of the law.” State v. Navarro, 464 So.2d 137, 139 (Fla. 3d DCA 1984).
Based on the aforementioned authority, the order granting the motion to suppress is-reversed and this cause is remanded for reassignment by the chief judge to a new judge for hearing de novo on defendant’s motion to suppress. Should the motion be granted, the order granting a new trial is affirmed. Otherwise, there being no other alleged error in the trial, the order granting a new trial is reversed and sentence shall be imposed forthwith.
REVERSED and REMANDED.
STEVENSON and SHAHOOD, JJ., concur.