STATE of Missouri, Respondent,

v.

Mecca SCOTT, Appellant.

No. ED 85772.

Missouri Court of Appeals,
Eastern District,
En Banc.

April 18, 2006.

Application for Transfer to Supreme Court
Denied Aug. 17, 2006.

Application for Transfer Denied
Sept. 26, 2006.

Patrick E. Richmond, Saint Louis, MO, for respondent.

Michael Gross, Saint Louis, MO, for appellant.

*OPINION*

GLENN A. NORTON, Chief Judge.

Mecca Scott appeals the judgment entered on his conviction for attempted tampering with physical evidence after a jury trial, challenging the admission of drugs seized from his car. We affirm.

## I. BACKGROUND

Scott was pulled over for driving with a burned-out taillight. Scott told the officer he did not have a driver's license, and a computer check revealed that his license had been suspended and that he was on probation for prior drug offenses. The officer ordered Scott out of the car, told him he was under arrest for driving while suspended, handcuffed him and put him in the patrol car. The officer then searched Scott's car. He testified that he was looking for drugs and anything that might hurt him, but he agreed that Scott could not hurt him because Scott was "locked up" in the patrol car. During the search of Scott's car, the officer found a small container attached to the keychain in the ignition. Inside, the officer found crack cocaine. Scott was transported to the police station, where the officer put the contents of the container found in the car in a clear plastic bag. Scott grabbed the bag off the counter and ran into a bathroom, where he attempted to flush the bag down the toilet. The officers who chased after Scott claimed he struck and pushed them during their struggle to subdue him.

Scott was charged with possession of cocaine, tampering with physical evidence and two counts of assault. Before trial, Scott moved to suppress the evidence seized during the search of his car. The court concluded that the inevitable discovery doctrine applied and denied the motion after a hearing. At trial, Scott maintained that there were no drugs in his car and

that the drugs he was shown at the police station were not his. Scott's objections at trial to the admission of the drugs were overruled, and his motions for directed verdict of acquittal were denied. The jury was unable to reach a verdict on the possession charge. The jury found Scott guilty of attempted tampering with physical evidence, a lesser-included offense of the tampering charge on which the jury was instructed. Scott was found not guilty of both assault charges. The court declared a mistrial on the possession count and ordered a new trial on that count.

The day after the verdicts, the trial court entered an order in which it said that it had reconsidered its denial of Scott's motion to suppress. Based on "supplemental" and "inconsistent" testimony at trial, the court concluded that the drugs were seized illegally—although it did not explain what specific testimony led to that conclusion or why that testimony demonstrated that the search was illegal—and granted the motion to suppress. The same day, the State filed a memorandum of *nolle prosequi* on the possession charge, which resulted in the dismissal without prejudice of that charge. Thereafter, Scott filed a motion for judgment of acquittal, for a new trial or for an order setting aside the verdict on the tampering charge, claiming that because the drugs were ultimately suppressed, the State could not make a submissible case that Scott had tampered or attempted to tamper with that evidence. The court denied the motion and during sentencing indicated that, although it believed the evidence was illegally obtained, Scott's behavior could not be "tolerated." Judgment was entered on the attempted tampering conviction, and Scott appeals.

## II. DISCUSSION

■ Scott argues that the court erred in admitting the drugs seized from his car because the warrantless search was a violation of the Fourth Amendment to the United States Constitution. Where, as here, there is little or no dispute about the relevant facts, whether the Fourth Amendment has been violated is a question of law that we review *de novo. State v. Simmons,* 158 S.W.3d 901, 907 (Mo.App. S.D. 2005).

■ To demonstrate that the search was illegal, Scott points to the fact that the officer had already placed him in the patrol car in handcuffs—and thus he posed no threat to the officer's safety—and to the officer's admission that he was looking for drugs in Scott's car. But it is undisputed that Scott had been placed under arrest just prior to the search. "[W]hen a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile .... [and] may also examine the contents of any containers found within the passenger compartment." *New York v. Belton,* 453 U.S. 454, 101 S.Ct. 2860, 2864, 69 L.Ed.2d 768 (1981). We are aware of no authority to support Scott's suggestion that a search incident to arrest is limited to a search for weapons.[1] Searches incident to arrest "have long been considered valid because of the need 'to remove any weapons that [the arrestee] might seek to use in order to resist arrest or effect his escape' *and* the need to prevent the concealment or

---

1. Justice Scalia has *proposed* in a concurring opinion that such searches be limited to situations in which it is reasonable to believe that evidence relevant to the crime of arrest might be found in the vehicle. *See Thornton v. United States,* 541 U.S. 615, 124 S.Ct. 2127, 2137, 158 L.Ed.2d 905 (2004).

destruction of evidence." *Id.* at 2862 (quoting *Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 2040, 23 L.Ed.2d 685 (1969)) (emphasis added). While the authority for a search incident to arrest is based on the need to disarm and to discover evidence, the validity of a particular search does not depend on the probability that weapons or evidence would have been found. *United States v. Robinson,* 414 U.S. 218, 94 S.Ct. 467, 476, 38 L.Ed.2d 427 (1973); *see also Belton,* 101 S.Ct. at 2864. Rather, the fact of arrest alone justifies the search. *Robinson,* 94 S.Ct. at 476.

Nor do the authorities support Scott's argument that because he was handcuffed in the back of the patrol car, the search was invalid. In fact, in applying *Belton,* the Missouri Supreme Court recognized that the concern for officer safety is applicable even when the officer has already secured the suspect in handcuffs and it held that searches incident to arrest in that situation are valid. *State v. Harvey,* 648 S.W.2d 87, 89 (Mo. banc 1983).[2]

At oral argument, Scott cited to *United States v. Chadwick,* 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977) as the most factually analogous case and the most persuasive authority regarding the search in this case. But, as the Court pointed out in *Belton,* that case did not involve an arguably valid search incident to arrest—rather, the search of the footlocker in *Chadwick* was conducted over an hour after that footlocker had been taken by the authorities and long after the suspects had been taken into custody. *Belton,* at 461–62, 101 S.Ct. 2860 (citing *Chadwick,* 97 S.Ct. at 2485). As in *Belton, Chadwick* simply has no application here.

Under the binding precedent of *Harvey,* the search of Scott's car was a valid search incident to his arrest regardless of the officer's intent to search for drugs or the fact that Scott was handcuffed in the patrol car at the time of the search. The drugs seized during that search were properly admitted into evidence at Scott's trial. Point I is denied.

■■■■■ Scott also claims that because, after the trial, the court reconsidered its ruling on his motion to suppress and ultimately concluded that the search was illegal, that evidence should not have been considered in the court's evaluation of Scott's motion for directed verdict of acquittal at the close of evidence or his post-trial motion for judgment of acquittal on the tampering charge. He contends that without the drugs seized during the illegal

---

**2.** In *Thornton,* the majority addressed whether *Belton* was limited to situations where the officer first contacts the suspect while the suspect is in the car. 124 S.Ct. at 2129. In that case, the suspect was approached by the officer after he had exited his car; the suspect was arrested, handcuffed and placed in the back of the patrol car before the officer searched his car. *Id.* The Court held that "[s]o long as an arrestee is the sort of 'recent occupant' of a vehicle such as petitioner was here, officers may search that vehicle incident to the arrest." *Id.* at 2132. While the Court stated that it would not address whether the suspect's "temporal or spatial relationship" to the car at the time of the arrest and search would affect the analysis under *Belton,* it also stated that "[t]he need for a clear rule, readily understood by police officers and *not depending on differing estimates of what items were or were not within reach of an arrestee at any particular moment,* justifies the sort of generalization which *Belton* announced." *Id.* at 2131 (emphasis added). In this way, we find the holding of *Thornton,* if not expressly on point to the issue of whether being handcuffed in the patrol car invalidated the search, at least consistent with *Harvey. See also State v. Reed,* 157 S.W.3d 353, 358–59 (Mo.App. W.D.2005) (concluding that *Thornton* extended the rule in *Belton* to include suspects who had been handcuffed and removed from direct and immediate access to the cars they had recently occupied, proving that *Harvey* was correct).

search, the State could not make a submissible case that Scott had attempted to tamper with those drugs. But the conclusion that the search was illegal is clearly incorrect for the reasons discussed above.[3] Therefore, the premise of Scott's argument for why his motions for judgment of acquittal should have been granted fails. The drugs were properly admitted at trial, and judgment of acquittal was not appropriate. Points II and III are denied.

### III.  CONCLUSION

The judgment is affirmed.

KATHIANNE KNAUP CRANE, Judge, concurs.

CLIFFORD H. AHRENS, Judge, concurs.

ROBERT G. DOWD, JR., Judge, concurs.

SHERRI B. SULLIVAN, Judge, concurs.

ROY L. RICHTER, Judge, concurs.

LAWRENCE E. MOONEY, Judge, concurs in result in separate opinion.

MARY K. HOFF, Judge, concurs in opinion of MOONEY, J.

KENNETH M. ROMINES, Judge, concurs in result in separate opinion.

PATRICIA L. COHEN, Judge, dissents.

GEORGE W. DRAPER, III, Judge, concurs in dissent of COHEN, J.

BOOKER T. SHAW, Judge, concurs in dissent of COHEN, J.

NANNETTE A. BAKER, Judge, concurs in dissent of COHEN, J.

GARY M. GAERTNER, SR., Judge, not sitting.

LAWRENCE E. MOONEY, Judge.

### *OPINION CONCURRING IN RESULT*

I concur in result. The search and seizure of the cocaine were legal because the cocaine inevitably would have been discovered. The officer had made a custodial arrest of the defendant for driving while suspended. Thus, the officer needed to secure the defendant's vehicle, whether it was to be towed or locked and left at the scene. In either circumstance, the officer

**3.** The trial court's ruling on reconsideration of the motion to suppress has not been appealed. Therefore, although it is clearly incorrect on the merits, we need not reverse or otherwise dispose of it on appeal. Moreover, the ruling did not have any effect on the trial court's determination of Scott's motions—that is, the court still considered the evidence that it had ruled was illegally obtained in determining Scott's motions. Nor will the ruling have any binding or preclusive effect on future proceedings should the possession charge be re-filed. *See State v. Beezley*, 752 S.W.2d 915, 917–18 (Mo.App. S.D.1988) (following suppression, charge dismissed; after same charge re-filed, State not collaterally estopped from offering evidence previously suppressed); *State v. Pippenger*, 741 S.W.2d 710, 711–12 (Mo.App. W.D.1987) (following suppression, charge dismissed; after different charge re-filed, State not collaterally estopped from offering evidence previously suppressed). Nevertheless, Scott relies on the conclusion of illegality to support the contention that his other motions should have been granted, putting the validity of the search squarely before us in this appeal. Therefore, we cannot ignore that the basis for granting the motion to suppress on reconsideration is erroneous. We agree with the dissent's position that the trial court had the authority after the trial but before sentencing to reconsider its ruling on the motion to suppress. But the dissent goes directly to concluding that, based on that ruling, the trial court should have granted Scott's post-trial motion for a new trial without first addressing whether the trial court's determination that the search was illegal was correct.

required the defendant's keys, which had been left in the car's ignition. Once an officer had custody of the keys and keychain, it was inevitable that the small container containing the cocaine would be opened and inventoried. No officer should be expected to risk suit if money or other valuable property were later claimed to be missing from the container after the officer had custody of it.

KENNETH M. ROMINES, Judge.

### *CONCURRING*

I concur in the result reached by the majority opinion. I depart, however, from the analysis contained in footnote 3: "... We agree with the dissent's position, that the trial court had the authority after the trial but before sentencing to reconsider its ruling on the motion to suppress ...". Likewise the dissent seems to base its analysis on the power of the trial court to "reconsider" the ruling on the motion to suppress.

I believe that a motion to suppress, though with Constitutional implications, is no more nor no less than a motion in limine. The ruling of the trial court is *interlocutory.* If the trial court grants the motion the state can appeal, or seek introduction at trial. If the trial court overrules the motion the defendant can none the less seek to suppress when the evidence is offered—indeed our cases make clear that the ruling vis-à-vis introduction must be objected to or a waiver is accomplished. Once ruled, it is not interlocutory, but an evidentiary matter.

I am persuaded, by the analysis of Judge Satz in *State v. Collins,* 816 S.W.2d 257 (Mo.App.1991), that the trial court at the time of the Motion for New Trial reviews all the evidence, not just that offered at the hearing on the motion to suppress, and as such the trial court uses the princi-

pals and standards for new trial as opposed to the "preponderance of the evidence" standard for suppression.

Additionally, the only things I believe inevitable are death and taxes.

PATRICIA L. COHEN, Judge.

I dissent. I believe that the dispositive issue in this case is whether, having made a post-trial determination that "the evidence presented at trial reflects that the items seized from the Defendant's vehicle were illegally seized in violation of" the U.S. and Missouri Constitutions, the trial court erred in failing to grant the Motion for New Trial that Defendant filed as an alternative to his post-trial Motion for Judgment of Acquittal. Given the obvious significance of the evidence at issue to a determination of Defendant's guilt, I would remand this case for a new trial.

The record reflects that one day following the jury's verdict of guilty on the charge of tampering with physical evidence (Count I) and the trial court's grant of a mistrial with respect to possession of cocaine (Count II), the trial court issued the following order:

> Whereas this court, on September 10, 2004, heard and denied Motions of Defendant to suppress evidence and statements, and

> Whereas, this cause was called for trial on November 22 and 23, 2004, and

> Whereas, the evidence presented during trial was both supplemental to that presented during the Motions to Suppress and often inconsistent with the testimony presented during that hearing; and

> Whereas, the evidence presented at trial reflects that the items seized from the Defendant's vehicle were illegally seized in violation of Article I, Section 15 of the Missouri Constitution and the Fourth

and Fourteenth Amendments to the United States Constitution; and

Whereas, the court declared a mistrial as to Count I when the jury was unable to reach a verdict as to that Count: NOW, THEREFORE, the court, having reconsidered its prior ruling on the Motions to Suppress and hereby sustains both the Motion to Suppress Evidence as to items seized by the police from the vehicle of Defendant, including the keys to the vehicle and the metal container attached to the key chain and the Motion to Suppress Statements as to statements made by the Defendant responsive to questions of the police as to Defendant's knowledge of the contents of a metal container attached to his key chain found in the vehicle of Defendant.

On December 13, 2004, the Defendant filed his Motion for Judgment of Acquittal or in the Alternative Motion for New Trial or to set aside the verdict in Count II. On January 14, 2005, the trial court conducted a hearing on the post-trial motions and a sentencing hearing. Despite the fact that the trial court again reaffirmed its post-trial grant of the motion to suppress, noting that the evidence at trial "was properly not evidence seized from [Defendant]," the trial court nevertheless overruled the post-trial motions and sentenced Defendant to thirty days. In an apparent justification for his failure to grant the post-trial mo-

tion, the trial court stated: "[T]he defendant by way of self-help seized what I believe was properly not evidence seized from him and attempted to destroy it. I don't believe that can be tolerated."

Defendant argues in his third point on appeal that the trial court erred when it failed to grant his post-trial motion for judgment of acquittal in light of the trial court's post-trial determination that the items seized from Defendant's vehicle were improperly seized. The State responds that the trial court was not permitted to reconsider its suppression ruling post-trial and that "any subsequent reconsideration by the trial court after the verdicts must not be considered by this Court."

It should be noted that the State has neither appealed the trial court's grant of the motion to suppress nor specifically responded to Defendant's contention that the trial court erred when it denied the post-trial motions. The State argues simply that a pretrial denial of a motion to suppress is subject to reconsideration only prior to the verdict. At footnote 3 of the majority opinion, the majority concedes that the trial court's grant of the post-trial motion to suppress has not been appealed.[1]

In support of the proposition that the trial court was not permitted to reconsider post-trial, but before sentencing, its determination on the propriety of the seizure of the items from Defendant's vehicle, the

---

1. The grant or denial of a motion to suppress constitutes a separate collateral order. *State v. Holt*, 415 S.W.2d 761, 764 (Mo.1967) (citation omitted) ("the validity of the search and seizure and the admissibility of its fruits raises a collateral issue 'which must be tried in a proceeding independent of the issue of guilt.' ") Moreover, challenges to the trial court's suppression order must be expressly raised throughout the trial and post-trial to preserve the error. *State v. Anderson*, 698 S.W.2d 849, 851 (Mo. banc 1985). The notion that a party raises the validity of a trial court's suppression order simply by challeng-

ing a different order (here the denial of the motion for new trial) runs counter to well-established appellate principles of preservation of error. Nevertheless, the majority asserts that the correctness of the trial court's post-trial grant is "squarely" before us. However, beyond simply stating that the trial court's grant was erroneous, the majority has not analyzed the ruling, and, in particular considered all facts and reasonable inferences in the light most favorable to the lower court's ruling. *State v. Milliorn*, 794 S.W.2d 181, 183 (Mo. banc 1990).

State cites two cases: *State v. Mills*, 735 S.W.2d 197 (Mo.App. E.D.1987) and *State v. Beaver*, 697 S.W.2d 573 (Mo.App. E.D. 1985). However, a review of *Mills* and *Beaver* reveals that neither is applicable to the issue presented here.

In *Beaver*, the Court considered whether the State had timely appealed the trial court's pre-trial grant of a motion to suppress where the State had delayed filing its interlocutory appeal until the trial court denied the State's motion to reconsider, nearly thirty days after the entry of the initial order suppressing the challenged evidence. *Beaver*, 697 S.W.2d 573. In ruling that the appeal was untimely, the Court reiterated the well-accepted proposition that the trial court's ruling on the motion to suppress was interlocutory and subject to reconsideration prior to trial. *Id.* at 574. However, the Court was not asked to and did not determine whether a trial court has the authority to entertain a post-trial reconsideration of the constitutionality of a seizure of evidence. *Id.* Accordingly, *Beaver* is of no assistance here.

*Mills* is equally inapplicable. In *Mills*, the Court considered whether a defendant had failed to preserve for appellate review a ruling on a pre-trial motion to suppress where the defendant failed to object during trial to the state's introduction of the challenged evidence. *Mills*, 735 S.W.2d 197. Holding in the affirmative, the Court stated that because ruling on a motion to suppress is interlocutory, to preserve the appellate issue of the trial court's ruling on a pre-trial motion to suppress, the defendant must object to evidence at the time the state makes its offer. *Id.* at 200. As in *Beaver*, the *Mills* court did not consider

the impact of a post-trial finding that the state's evidence was unconstitutionally seized on the assessment of the post-trial motions for judgment of acquittal and new trial.

Although Missouri courts have apparently not squarely addressed the question of the trial court's authority to reconsider post-trial a motion to suppress, at least one court in another state has analyzed this issue. In *State v. Graham*, 721 So.2d 361 (Fla.App.1998), the state appealed a trial court's post-trial grant of a motion to suppress and its grant of a motion for new trial. The state contended "that there was no 'new or additional' evidence presented at trial concerning the legality of the search or substantially affecting the credibility of the evidence" and therefore no basis for reconsideration. *Id.* Rejecting the state's argument, the court stated, in words equally applicable here, "[i]t is settled law that while a trial court has jurisdiction of a case, and upon appropriate motion or objection made by either counsel, it has the inherent power to reconsider a previous ruling made on a motion to suppress." *Id.*[2] *See also State v. Hunt*, 188 Ill.App.3d 359, 135 Ill.Dec. 761, 544 N.E.2d 118 (1989) (grant of post-trial motion to suppress and motion for new trial affirmed).

The State's position here undermines the trial court's jurisdiction generally and more specifically the trial court's role in correcting its own errors in the context of a motion for new trial. First, it is well-settled that in a criminal case, the trial court does not lose jurisdiction until it renders sentence and judgment. Thus, it is only after the trial court enters sentence

**2.** Interestingly, the Florida Court of Appeals reversed the post-trial grant of the motion to suppress because it determined the trial judge had prejudged the credibility of the officer and remanded for post-trial reconsideration

of the motion to suppress by a different judge. However, the Court concluded that should the new judge grant the motion to suppress, the trial court's order granting the motion for new trial would be affirmed.

and judgment that it is prohibited from taking further action, unless expressly provided by statute. *Simmons v. White*, 866 S.W.2d 443, 445 (Mo. banc 1993). Here, there is no question that the trial court reconsidered its handling of the pre-trial motion to suppress during the period after trial but before the entry of the sentence and judgment. Thus, there is clearly no jurisdictional impediment to a post-trial reconsideration of the motion to suppress.

Further support for the propriety of a trial court's reconsideration of its ruling on a motion to suppress is found in the trial court's statutory authority to grant a new trial based upon grounds identified in the motion for new trial. Section 547.020 RSMo. (2004). Indeed a central purpose of the requirement to include grounds in a motion for new trial is to specifically afford the trial court the opportunity to correct its own errors. *See State v. Burns*, 312 Mo. 673, 280 S.W. 1026, 1027 (1926); *State v. Cavener*, 356 Mo. 602, 202 S.W.2d 869, 873 (1947). The State's contention that the trial court is not permitted to reconsider its ruling on a motion to suppress post-trial clearly creates a conflict with the trial court's obligation to reconsider its suppression ruling, if challenged, in the motion for new trial. It is no surprise that the State cites no authority for such an unjustifiably restricted view of the trial court's authority.

We implicitly recognized the trial court's authority to correct error in a post-trial reconsideration of a motion to suppress in *State v. Edwards*, 30 S.W.3d 226 (Mo.App. E.D.2000). In *Edwards*, the defendant challenged the admission of oral statements to the police. *Id.* On appeal, we determined that the trial court erred in not holding a suppression hearing outside the presence of the jury to determine the voluntariness of the defendant's statements. *Id.* at 231. To rectify the trial court's error, we remanded for a "post-trial hearing on the issue of voluntariness," *Id.*, citing *State v. Mitchell*, 611 S.W.2d 211, 214 (Mo. banc 1981). More importantly, we ruled that, "[i]f after such hearing, the trial court finds and determines that [the statements] were involuntary, the judgment shall be set aside and the trial court shall grant a new trial on all issues, without the statements being admitted into evidence." *Id. See also State v. Ramires*, 152 S.W.3d 385, 406 (Mo.App.W.D.2004) (remand to trial court for hearing on defendant's standing to challenge warrantless seizure of methamphetamine).

Having concluded that the trial court had the authority to determine post-trial that evidence admitted at trial was improperly seized in violation of Defendant's constitutional rights, we turn to whether the trial court erred when it failed to grant a new trial. It has long been recognized that improperly seized and admitted evidence is grounds for a new trial unless the error is harmless without question. *State v. Richards*, 334 Mo. 485, 67 S.W.2d 58, 61 (1933); *State v. Riley*, 704 S.W.2d 691, 694 (Mo.App. E.D.1986) ("Where an erroneous ruling on a motion to suppress physical evidence is found to be prejudicial, the case is ordinarily reversed and remanded for a new trial.") *See also Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) ("[B]efore a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt.") The state bears the burden of showing the error to be harmless. *State v. Anderson*, 76 S.W.3d 275, 278 (Mo. banc 2002). (Wolff, concurring in part, dissenting in part). We recently held that admission of improper evidence is "harmless if (a) the other evidence of guilt is overwhelming or (b) the improper evidence is not highlighted *and* cumulative of other evidence." (emphasis in original). *State v.*

*Duncan,* 27 S.W.3d 486, 488 (Mo.App. E.D. 2000) (New trial ordered where trial court improperly admitted results of portable breath test). Applying these principles to the facts of this case, it is clear that the admission of the improperly seized evidence was not harmless error.

The trial court's apparent explanation for its refusal to grant the post-trial motion despite its conclusion that the evidence was improperly seized is also troubling. Clearly, the trial court's decision to deny the post-trial motion conflicts with its determination that the seizure of the evidence violated the Defendant's constitutional rights. The trial court, in assessing the appropriate impact of its post-trial suppression determination, appeared to be highly influenced by its view that the Defendant was guilty of attempting to destroy the evidence.[3] However, resolution of a suppression challenge is "collateral to the question of guilt or innocence of the defendant...." *State v. Donohoe,* 770 S.W.2d 252, 256 (Mo.App. W.D.1989). Thus, "the issue of the guilt of the defendant ... is irrelevant to the determination of whether the evidence sought to be suppressed is admissible at the trial of the criminal charge." *Id.* at 257. Moreover, although as we held in *Anderson supra,* the trial court may analyze whether error is prejudicial in light of evidence of defendant's guilt, the proper focus is on "other evidence" of guilt rather than the evidence which was improperly seized. Accordingly, given the facts of this case, it was improper for the trial court to deny the motion for new trial once it had determined that the evidence at trial was improperly seized.

**3.** At the hearing on the post-trial motions and sentencing, the trial court stated as follows: Okay. I heard the evidence in this case, and although the Court believes that there was some impropriety in the way in which the police handled the initial proceedings, still

Accordingly, I would remand for a new trial on Count II.

the Defendant by way of self help seized *what I believe was properly not evidence seized from him* and attempted to destroy it. I don't believe that can be tolerated. (emphasis supplied).